### IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AMERICAN INTER-FIDELITY CORP., as Attorney-in-Fact for American Inter-Fidelity Exchange, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| ALEKSANDAR MIMIC, | ) ) |
| Defendant. | ) ) |

Case No. 1:20-cv-5394

### COMPLAINT FOR RESCISSION

Plaintiff, American Inter-Fidelity Corp., as attorney-in-fact for American Inter-Fidelity Exchange (American Inter-Fidelity Corp. and American Inter-Fidelity Exchange are hereinafter known together as "AIFE"), by and through its counsel, BATESCAREY LLP, for its Complaint for Rescission, against the Defendant, Aleksandar Mimic ("Mimic"), states as follows:

### PRELIMINARY STATEMENT

1. This is an action for declaratory relief pursuant to 28 U.S.C. § 2201 for the purpose of resolving an actual controversy between AIFE and Mimic arising out of a Truckers Physical Damage Policy, Policy No. I20C3665 (the "Policy"), issued to Mimic by AIFE.

2. In this action, AIFE seeks an order rescinding the Policy due to misrepresentations made by Mimic in his application. For this reason, AIFE owes no duty to indemnify Mimic under the Policy.

## JURISDICTION AND VENUE

3. This Court has jurisdiction with respect to this action pursuant to 28 U.S.C. §1332 as this action is between citizens of different states and the amount in controversy exceeds $75,000.

4. Venue is proper in this judicial district as Mimic resides in this district. 28 U.S.C. §1391(b)(1).

## THE PARTIES

5. AIFE is a corporation organized under the laws of the State of Indiana with a principal place of business in Merrillville, Indiana.

6. Mimic is a citizen of Illinois.

## FACTUAL BACKGROUND

7. In early 2020, Mimic applied for insurance from AIFE by submitting various documents, collectively attached hereto as **Exhibit A** (the "Application").

8. In the Application, Mimic responded "no" to the following question:

    a. Have you ever operated under another name?

*See id.* at Pl. 0001.

9. In addition, when Mimic was asked in the Application to provide the name and motor carrier number of authorized carriers he currently leases to on a permanent basis, he provided no such names or motor carrier numbers. *See id.*

10. In the Application, Mimic responded "no" to the following question:

    15. Have you ever had Truck Insurance under another name?

*See id.* at Pl. 0025.

11. As part of the Application, Mimic submitted documents purporting to show a list of all losses incurred under Truckers Physical Damage policies issued to him in prior years. *See id.* at Pl. 0021 – 0022.

12. On February 7, 2020, AIFE issued to Mimic a Proposal for Insurance Coverage (the "Proposal"). A true and accurate copy of the Proposal is attached hereto as **Exhibit B**.

13. The Proposal advised that the "quotation is based on information contained in the application submitted for this insured based on your expiring policy with us." *See id.,* p. 1.

14. Mimic accepted the proposal on February 7, 2020, the same date it was issued. *See id.,* p. 5.

15. In reliance on the representations and information provided in the Application, AIFE issued the Policy to Mimic. A true and accurate copy of the Policy is attached hereto as **Exhibit C**.

16. The Policy, which provides Truckers Physical Damage coverage for covered autos, has effective dates of February 10, 2020 to February 10, 2021. *See id.*

17. After issuing the Policy, AIFE, upon its investigation, learned that Mimic made at least four material misrepresentations in his Application.

18. First, Mimic represented that he never operated under another business name or names. This representation is false as Mimic did in fact operate under other business names, including the following:

    a. Windy City Trans Inc.

    b. Rex Trucking Inc.

    c. Rex Trucking Freight Inc.

    d. Super Ego Holding LLC

      e. Kordun Express Inc.

      f. Floyd Inc.

      g. Time Logistics Inc.

19. Mimic or his agent(s) appears to operate each of the foregoing entities.

20. Second, when Mimic was asked in the Application to disclose to which entities he leases equipment, Mimic disclosed no such entities. (After submitting his Application, Mimic disclosed that he leased vehicles to one entity only, Windy City Trans Inc. ("Windy City"), but did not disclose other entities to whom he leased his equipment.) This representation is false as Mimic leased, lent and exchanged his trucks with at least five licensed motor carrier companies aside from Windy City. In addition to Windy City, Mimic leased trucks to the following companies:

      a. Rex Trucking Inc.

      b. Super Ego Holding LLC

      c. Kordun Express Inc.

      d. Floyd Inc.

      e. Time Logistics Inc.

21. Third, Mimic misrepresented that he did not have truck insurance under another name.

22. The Federal Motor Carrier Safety Association database provides that Rex Trucking, Inc., Kordun Express Inc., Floyd Inc. and Time Logistics Inc. all carry bodily injury and property damage insurance with minimum limits of $750,000.

4

23. Due to the relationship between Mimic, his other entities, and his leases with the other motor carrier entities, the risk to be insured was much greater than what was falsely represented to AIFE in the Application.

24. Fourth, Mimic misrepresented his loss history.

25. Specifically, Mimic attached to his Application a loss run that purportedly showed losses that Mimic had incurred under his then-expiring policy issued by a different insurer. Although this loss run indicated that it was current through January 2, 2020, it reported no losses from mid-September through the end of December. In past years, the majority of Mimic's losses occurred in these months.

26. Mimic falsified his loss run under his previous policy to secure insurance from AIFE.

27. At the time of his Application, and at the time of accepting AIFE's Proposal, Mimic knew of the misrepresentations in his Application.

28. Through his misrepresentations, Mimic intended to deceive AIFE to rely on the false statements in his Application and provide him insurance coverage.

29. Mimic's representations were material as they increased the risk that AIFE was to insure.

**COUNT I - RESCISSION**

30. AIFE re-states and re-alleges Paragraphs 1 – 29 as if fully set forth herein.

31. At the time Mimic submitted his Application, and later, when he accepted AIFE's Proposal for insurance, Mimic was aware that he was operating and had operated under other entity names.

32. At the time Mimic submitted his Application, and later, when he accepted AIFE's Proposal for insurance, and that he routinely leased his trucks to those entities.

33. At the time Mimic submitted his Application, and later, when he accepted AIFE's Proposal for insurance, Mimic was aware that he had had truck insurance under other names.

34. At the time Mimic submitted his Application, and later, when he accepted AIFE's Proposal for insurance, Mimic was aware that he had incurred greater losses in 2019 than what was reported to AIFE in his Application.

35. Each of Mimic's misrepresentations materially increased the risk that AIFE was to insure.

36. Had AIFE known that Mimic operated under other entity names, routinely leased his trucks to those entities, was issued truck insurance under the other entity names, or incurred greater losses under his previous policy than he reported, it would not have issued the Policy to Mimic.

37. Part Eight of the Policy, titled General Provisions, provides in relevant part:

> 7. Concealment, Misrepresentation, or Fraud
>
> This coverage Form is void in case of any fraud by you at any time as it relates to this Coverage Form. It is also void if you or any other "insured" at any time intentionally conceal or misrepresent a material fact concerning:
>
>     a. This Coverage Form;
>     b. A covered "auto";
>     c. Your interest in the covered "auto"; or
>     d. A claim under this Coverage Form.

38. Under the foregoing terms, AIFE is entitled to rescind the Policy.

39. AIFE is ready, willing, and able to restore Mimic to the status quo ante by refunding the portion of the premium paid less any indemnity paid up to the date of filing this complaint to Mimic under the Policy.

WHEREFORE, American Inter-Fidelity Corp., as attorney-in-fact for American Inter-Fidelity Exchange, respectfully requests that this Court enter judgment in its favor and against Mimic, as follows:

a. Rescinding the Policy;

b. Declaring that AIFE has no duty to indemnify Mimic under the Policy; and

c. For such other, further relief as this Court deems just and proper.

Dated: September 11, 2020

Respectfully submitted,

American Inter-Fidelity Exchange,

BatesCarey LLP

Mark G. Sheridan
Natalie H. Koepke
BATESCAREY LLP
191 N. Wacker Drive, Suite 2400
Chicago, IL 60606
Ph. 312-762-3100
Fax 312-762-3200
msheridan@batescarey.com
nkoepke@batescarey.com
Counsel for Plaintiff